THE STATE OF OHIO, APPELLEE, *v.* HUNTER, APPELLANT.

(No. 4264—Decided
May 4, 1988.)

*Gregory A. White,* prosecuting attorney, for appellee.
*John F. Kirwan,* for appellant.

CACIOPPO, J.   The Lorain Police Department was involved in an investigation based on two incidents where defendant-appellant, John Edward Hunter, owner of Lorain Auto Sales, had sold cars without transferring the titles, in violation of R.C. 4505.19(B). Detective Charles Shuster presented an affidavit for a search warrant to the Lorain Municipal Court, based on the investigation, a pending criminal prosecution for similar activity, and the fact that ninety-seven active titles were registered in the name of Lorain Auto Sales, but there were not as many cars on the lot. In the affidavit, Shuster requested a warrant for various records relevant to the two particular automobiles involved in the investigation. He further stated that, based upon the investigation, he believed Hunter was engaged in illegal sales practices and that other criminal activity existed in the form of other sales similar to those in the investigation. He requested that the warrant also authorize a search for the business records related to any such suspected criminal activity.

A warrant was issued authorizing a search for:

"* * * Books of Account, Business Records, Title Transfer Records, Ledgers, Accounts Receivable, Lien/Security Records, Title Records and Sales Journals of John E. Hunter and Lorain Auto Sales which specific transactions and corresponding records and documentation involving the sale of the 1975, Ford LTD VIN #5B63H185839; 1974 Buick Century VIN #4H57J44191280 * * *."

The warrant was executed at Lorain Auto Sales, and among the items seized were a box of purchase agreements and a box of titles.

Hunter was indicted on fifteen counts of violating R.C. 4505.19(B), the charges resulting from comparing the purchase agreements with the titles. Hunter thereafter filed a motion to suppress the evidence seized based on two grounds: that a police report attached to the affidavit was not sworn to, and that the search and seizure of the items unrelated to the two particular automobiles were outside the scope of the warrant and failed to meet the requirements of the plain view doctrine. On the day of the hearing on the motion to suppress, Hunter was notified that he had been indicted on ten additional counts of violating R.C. 4505.19(B). The new charges were assigned a separate case number; however, the hearing on the motion to suppress concerned only the initial fifteen-count indictment.

The motion to suppress was denied and Hunter then entered pleas of no contest to the charges in both indictments; the two cases were never consolidated. Hunter was sentenced by the court and now appeals; however, we note that his appeal is from the denial of the motion to suppress the evidence leading to the first indictment. He has failed to appeal his conviction on the second set of charges, and therefore our decision here can have no immediate impact on that judgment.

### Assignment of Error

"The court errored [*sic*] in denying defendant-appellant's motion to suppress evidence obtained as a result of a search warrant where the evidence seized was not stated in the search warrant nor was it in plain view that a crime had been committed."

Although the appellant assigns one error, he makes several arguments which we will address.

Hunter attacks the validity of the search warrant in two ways. He first claims that the affidavit was supported by a miscellaneous police report that was unsigned and not sworn to under oath. The record does not support this argument. The affidavit states that the report is that of the affiant, Detective Shuster, and further states that the report is incorporated by reference into the affidavit; the affidavit is sworn to under oath.

Hunter also attacks the affidavit as insufficient to justify the issuance of a warrant authorizing a search for evidence of criminal activity beyond that associated with the two car sales that were the subject of the investigation. The state argues that there was sufficient probable cause for the warrant to authorize seizure of evidence unrelated to the two particular transactions. Neither of these arguments has merit as it is obvious from reading the warrant that the authorized search was expressly limited to evidence related to the two cars specifically mentioned in the affidavit.[1]

In his final argument, Hunter claims error in the trial court's finding that the search of all of Hunter's business records was justified on the basis of the plain view doctrine.

"* * * In essence, the plain view doctrine allows police officers, *under particular circumstances,* to seize an 'article of incriminating character' which is not described in their warrant." (Emphasis added.) *State* v. *Halczyszak* (1986), 25 Ohio St. 3d 301, 303, 25 OBR 360, 361, 496 N.E. 2d 925, 930.

"The particular circumstances under which objects of incriminating character could be seized pursuant to the plain view theory were defined in *Coolidge* [v. *New Hampshire* (1971), 403 U.S. 443] by means of a three-part analysis. First, the initial intrusion that brought the police into a position to view the object must have been legitimate. Second, the police must have inadvertently discovered the object. Third, the incriminating nature of the object must have been immediately apparent. If the *Coolidge* requirements are complied with, then police need not obtain an additional warrant before they seize the objects observed.* * *" *Id.* at 303, 25 OBR at 362, 496 N.E. 2d at 930.

The plain view doctrine extends the prior justification for a police officer's access to a particular object, *Texas* v. *Brown* (1983), 460 U.S. 730, 738-739, which in this case was a search warrant limited to records related to two particular vehicles. It follows that the state has the burden of proving an extension of the prior justification under the plain view doctrine. Therefore, there must be some evidence to support each of the three prongs of the *Coolidge* standard.

The record before us lacks such evidence. The transcript of the hearing on the motion to suppress contains no evidence of inadvertent discovery; in fact, quite the contrary impression is

---

[1] The good faith exception to the exclusionary rule, set forth in *United States* v. *Leon* (1984), 468 U.S. 897, would not apply here since a police officer's reliance on the warrant must be objectively reasonable. In no way can this officer's failure to read or understand the limitation in this warrant be considered objectively reasonable.

given by the testimony of Detective Shuster. It appears that Shuster thought the warrant authorized him to search for records other than those related to the two specific automobiles:

"Q. And can you tell the judge what the Municipal Court permitted you to search for?

"A. I was permitted to search for titles, records, *anything pertaining to the sales of motor vehicles.*

"Q. In fact, is that what you seized?

"A. Yes, it is.

"Q. Did you, in good faith, believe that the information you supplied Judge Ewers was sufficient to formulate the basis of probable cause for a search warrant.

"A. Yes, I did.

"Q. Did you rely on the issuance of his search warrant when you executed it?

"A. Yes, I did.

"MR. ROSENBAUM: I have no further questions.

"RECROSS-EXAMINATION OF CHARLES SHUSTER BY MR. KIRWIN:

"Q. Weren't you specifically told in the search warrant to only search for those records, books of account, business records, title transfer records, ledgers, accounts receivable, lien security records, title records and sales journals of John E. Hunter and Lorain Auto Sales which specific transactions and corresponding records and documentation involving the sale of the 1975 Ford LTD, vehicle identification number — I'm not going to read it off, but it's there — and 1974 Buick Century, vehicle identification number —

"A. Those were *part* of what I was to look for, sir." (Emphasis added.)

Further, there is no testimony on exactly how the particular items seized came into plain view or as to how it was immediately apparent that all of the records contained in the two boxes were incriminating.

The state, having failed to show the existence of the particular circumstances required for application of the plain view doctrine, the trial court erred in its denial of Hunter's motion to suppress. Appellant's assignment of error is well-taken, the judgment is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

BAIRD, P.J., concurs.

GEORGE, J., concurs separately.

GEORGE, J., concurring. The Fourth Amendment provides that during a search, no object may be seized by law enforcement officers beyond those objects particularly described in the search warrant. *State* v. *Williams* (1978), 55 Ohio St. 2d 82, 9 O.O. 3d 81, 377 N.E. 2d 1013. Where a defendant comes forward with evidence showing that the items seized were not listed in the warrant, the burden shifts to the prosecution to prove that the seizure was justified under the requirements of the plain view doctrine, as set forth in *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, and *State* v. *Halczyszak* (1986), 25 Ohio St. 3d 301, 303, 25 OBR 360, 362, 496 N.E. 2d 925, 930. Here the prosecution failed to prove the third requirement noted in both *Coolidge* and *Halczyszak, supra, i.e.,* that the incriminating nature of the seized records was immediately apparent.

The police knew in advance that

records of automobile transactions which were seized would be present and in plain view upon the execution of the warrant. However, such records did not have an apparent incriminating nature. Rather, an examination, study, and comparison of those records were required to discover any criminal activity. To lawfully seize records of automobile transactions, other than those specifically listed, the police must obtain an additional warrant. *Coolidge, supra,* at 471. This was not done here.

The affidavit submitted by Detective Shuster asserts facts which would support a finding that the police had probable cause to believe that numerous violations of R.C. 4505.19 (B) had occurred, beyond those involving the 1975 Ford and the 1974 Buick. Specifically, the affidavit included reference to a complaint filed against Hunter, and included the fact that, although Lorain Auto Sales had ninety-seven car titles filed in the clerk of court's office, there were fewer than ninety-seven cars on its lot.

Despite these averred facts, the detective's request for the search warrant was limited to records concerning the 1975 Ford and the 1974 Buick. The search warrant issued by the court permitted the detective to search for those specific records. It is conceivable, based on the affidavit and the attached police report submitted to the issuing court, that a more expansive search may have been permitted had one been requested and granted.

Since the request for and issuance of the search warrant were limited to the records for the 1975 Ford and the 1974 Buick, and since the prosecution failed to show that the seizure was justified under the plain view doctrine, the trial court erred in its denial of Hunter's motion to suppress.